**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**ALBERTO M. LAZARO, et al.**

    Plaintiffs,

    v.

**ABBOTT MEDICAL OPTICS, INC.,**

    Defendant.

CIV. NO. 16-1248(PG)

**OPINION AND ORDER**

Before the court is defendant Abbott Medical Optics' ("defendant") motion for partial dismissal, and plaintiffs Alberto M. Lazaro ("Lazaro") and Vanessa Aymerich's ("Aymerich")(collectively, "plaintiffs") opposition thereto.[1] See Docket Nos. 5 and 9. For the reasons specified below, defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

On February 12, 2016, plaintiffs filed a civil suit, alleging that Lazaro sustained serious injuries directly caused by a contact lens disinfectant solution, the Complete MoisturePlus Multi Purpose Solution ("CMMPS"). The solution is manufactured, marketed, and distributed by defendant. See Docket No. 1. Plaintiffs allege that, less than twenty-four hours after first using CMMPS on April 23, 2014, Lazaro's lower half of the right eye filled with pus and swelled to the point where he could not open it. Plaintiffs claim Lazaro suffered severe pain and was diagnosed with *Acanthamoeba Keratitis*, an infection they aver has led to permanent corneal scarring and loss of vision.

Plaintiffs raise several causes of action, among them a claim for breach of implied warranty. To that effect, plaintiffs allege that defendant represented to the general public that CMMPS was of "merchantable quality" and "safe and fit for its intended use." Lazaro relied upon the "skill, judgment and implied warranty of the defendant" and bought CMMPS. However, plaintiffs claim CMMPS was unsafe when applied for its intended use, and was not of merchantable quality as warranted by defendant.

---

[1] Lazaro and Aymerich also file suit on behalf of the Lazaro-Aymerich conjugal partnership (the "partnership").

On April 18, 2016, defendant filed a partial motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therein, defendant argues that both the partnership's and Aymerich's claims are time-barred. Defendant also avers that the breach of implied warranty claim advanced by plaintiffs is time-barred and, alternatively, insufficiently plead.

Plaintiffs opposed defendant's motion. They argue that the partnership's and Aymerich's claims are timely brought because the statute of limitations period for these claims was tolled by a letter counsel sent to defendant on February 17, 2015 ("the letter"). Furthermore, plaintiffs claim that subsequent conversations between counsels for both parties further put defendant on notice as to the legal claims all of the plaintiffs intended to raise in court. Counsel for plaintiffs submitted, as an exhibit attached to the opposition to defendant's motion, a statement under penalty of perjury ("the affidavit") attesting the conversations that took place in late March and early April of 2015, alerting defendant of Aymerich's and the partnership's legal claims. See Docket No. 9-3. On June 15, 2015 plaintiffs tendered a settlement demand. Copies of the letter and the settlement demand were submitted to the court as exhibits to plaintiff's opposition. See Docket Nos. 9-1 and 9-4.[2]

Defendant, in turn, replied to plaintiff's opposition. See Docket No. 13. Defendant argues the statute of limitations was not tolled as to any of the partnership's and Aymerich's claims because the letter references neither of them. Defendant also categorizes the affidavit as a last-ditch attempt to preserve the partnership's and Aymerich's claims through a self-serving declaration that was tailor-made to survive defendant's motion to dismiss. Notwithstanding, defendant does not challenge the validity of the letter as an extrajudicial tolling mechanism for Lazaro's claims.

Plaintiffs rely on materials extraneous to the pleadings to oppose defendant's claim that the partnership's and Aymerich's claims are time-

---

[2] Docket No. 9-4 was submitted in Spanish, with leave of the court. A certified translation was later submitted. See Docket No. 16. The court will refer to the certified translation when alluding to the settlement demand.

barred. Thus, defendant's motion to dismiss will be partially converted into a motion for summary judgment. Defendant's challenge to plaintiffs' action for breach of implied warranty will not undergo such conversion because there are no extraneous materials regarding that matter for the court to consider.

The court will first assess the challenge to plaintiffs' implied breach of warranty claim under a motion to dismiss standard. Then, it will address the conversion, and consider the timeliness of the partnership's and Aymerich's claims under a summary judgment standard.

## II. IMPLIED BREACH OF WARRANTY CLAIM

A. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Garcia-Catalan v. United States, 734 F.3d 100, 102 (1st Cir.2013) (quoting Fed. R. Civ. P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." Cooper v. Charter Communications Entertainments I, LLC, 760 F.3d 103, 106 (1st Cir.2014)(citing Maloy v. Ballori-Lage, 744 F.3d 250, 252 (1st Cir.2014)) (internal quotations marks omitted). Additionally, courts "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." A.G. ex rel. Maddox v. v. Esevier Inc., 732 F.3d 77, 80 (1st Cir.2013) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir.2011).

"To cross the plausibility threshold, the plaintiff must 'plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cooper, 760 F.3d at 106 (citing Maloy 744 F.3d at 252). See also Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir.2011) (citing Twombly, 550 U.S. at 555) (internal quotations marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "A complaint 'must contain more than a rote recital of the elements of a cause of action,' but need not include 'detailed factual allegations.'" Rodriguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico, 743 F.3d 278, 283 (1st Cir.2014) (citing Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir.2013)). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 129 S.Ct. at 1951).

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. Nevertheless, when evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." Ocasio-Hernandez, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). As a result, courts should read the complaint "as a whole" and be cautious not to apply the plausibility standard "too mechanically." See Rodriguez-Vives, 743 F.3d at 283 (citing Garcia-Catalan, 734 F.3d at 101, 103).

B. Discussion

Defendant challenges both the timeliness and the sufficiency of plaintiffs' breach of implied warranty claim. However, the court need not consider these arguments. Plaintiff's claim is merely the chariot's fifth wheel. Because breach of warranty claims based on personal injury are tantamount to strict liability claims, pleading both is wholly unnecessary. See Kunkel v. Motor Sport, Inc., 349 F. Supp. 2d 198, 210 (D.P.R. 2004)(citing Mendoza v. Cerveceria Corona, 97 P.R.R. 487 (1969)).

How Puerto Rico courts approach breach of implied warranty claims depends on if they are of an *ex delicto* or an *ex contractu* nature.[3] See In re Dupont-Benlate Litig., 877 F. Supp. 779, 787 (D.P.R. 1995); Ramos Santiago v. Wellcraft Marine, 93 F. Supp. 2d 112 (D.P.R. 2000).

If they are *ex contractu* in nature – claims that stem from a contractual obligation – then they arise from Article 1373 of the Puerto Rico Civil Code. See P.R. LAWS ANN. tit. 31, § 3841. These claims rely on contractual law and must observe a six-month statute of limitations period. See Torres-Mas v. Carver Boat Corp., 233 F. Supp. 2d 253, 257 (D.P.R. 2002) On the other hand, if they are *ex delicto* creatures – claims that stem from a tort – courts analyze them pursuant to the tenets of strict liability theory, and apply the one-year statute of limitations proscribed for those actions under Puerto Rico law. See In re Dupont-Benlate Litig., 877 F. Supp. at 787; Ramos Santiago, 93 F. Supp. 2d 112.

Plaintiffs' claim of breach of implied warranty is an *ex delicto* claim because it stems from a personal injury. Accordingly, this court must apply the one-year statute of limitations to plaintiffs' breach of implied warranty claim.

Plaintiffs raise claims of strict liability and negligence in their complaint, as well as a general tort action under Article 1802 of the Puerto Rico Civil Code. See P.R. LAWS ANN. tit. 31, § 5141. As stated supra, because breach of warranty claims based on personal injury are tantamount to strict

---

[3] *Ex delicto* claims arise from a tort, while *ex contractu* claims arise from a contract. See *Ex delicto*, BLACK'S LAW DICTIONARY (10th ed. 2014); *Ex contractus*, BLACK'S LAW DICTIONARY (10th ed. 2014).

liability claims, the breach of implied warranty claim is rendered duplicitous by plaintiffs' other claims. See Kunkel, 349 F. Supp. 2d at 210 (quoting In re DuPont-Benlate Litig., 877 F.Supp. at 784 n. 4. (it does "not make much sense to [plead] contractual implied warranty and negligence with strict liability")). Hence, considering the breach of implied warranty claim would result in an inefficient use of the court's resources. See Kunkel, 349 F. Supp. 2d at 210 ("alleging breach of warranty claims was superfluous and resulted in the inefficient use of this court's resources").

At any rate, plaintiffs' ability to recover compensation remains unhindered by this disposition – plaintiffs have already raised plausible indemnifiable claims for the damages resulting from the same set of facts. The elements of their breach of warranty claim are encompassed therein. For these reasons, defendant's motion is **GRANTED IN PART** and plaintiffs' breach of implied warranty claim dismissed.

### III. THE PARTNERSHIP'S AND AYMERICH'S CLAIMS

A. Conversion

Courts may not consider matters outside the pleadings when ruling on a 12(b)(6) motion to dismiss. See Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co., 993 F.2d 269, 272 (1st Cir. 1993) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). When materials extraneous to the pleadings are presented to and accepted by the court, the motion to dismiss shall be converted into a motion for summary judgment, and construed as such. See C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 43 (1st Cir. 1998)

Yet, "conversion by the district judge should be exercised with great caution and attention to the parties' procedural rights." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (3d ed. 2004). To that extent, when courts convert a Rule 12(b)(6) motion to a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

However, the First Circuit "does not mechanically enforce the requirement of express notice of a district court's intention to convert a Rule 12(b)(6) motion into a motion for summary judgment." Chaparro-Febus v. Int'l Longshoremen Ass'n, Local 1575, 983 F.2d 325, 332 (1st Cir. 1992). A court's failure to expressly notify the conversion is treated as harmless when the opposing party has received the extraneous materials, had ample time to respond to them, and has not controverted their accuracy. Moody v. Town of Weymouth, 805 F.2d 30, 31 (1st Cir. 1986). Still, the court should not exercise conversion when it would surprise or be unfair to the defeated party. Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 31 (1st Cir. 2000).

The need for these protections is greatly reduced when plaintiffs themselves submit extraneous materials in their efforts to defeat a motion to dismiss. MHI Shipbuilding, LLC v. Nat'l Fire Ins. Co. of Hartford, 286 B.R. 16, 21 (D. Mass. 2002) (citing Watterson, 987 F.2d at 4 (citing Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991)))("The primary reason for not considering documents outside the complaint is to protect the plaintiff from unfair surprise and therefore the need for the rule is greatly reduced when it is the plaintiff (and not the defendant) who seeks to introduce additional documents.")

In the present case, where plaintiffs have brought extraneous materials into the record, the court will convert defendant's 12(b) motion to dismiss into a motion for summary judgment.

   B. Summary Judgment Standard

Through summary judgment, courts "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). The Supreme Court encourages employing summary judgment in federal courts – it "[avoids] full blown trials in unwinnable cases, … [conserves] parties' time and money, and [permits] the court to husband scarce judicial resources." McCarthy v. Northwest Airlines, Inc., 56 F.3d

313, 314 (1st Cir. 1995). See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

A court may grant summary judgment only when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir. 2000). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." Reeves v. Anderson Plumbing Productions Inc., 530 U.S. 133, 135 (2000). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are functions of a jury, not of a judge. See id.

In short, when there is a genuine dispute as to any material fact, and when a court would be required to make credibility determinations, weigh the evidence, or draw legitimate inferences from the facts in order to adjudicate a controversy, summary judgment will not be granted. While no legitimate inferences can be drawn, the court will construe all reasonable inferences in favor of the nonmoving party. See Stoutt v. Banco Popular de Puerto Rico, 158 F. Supp. 2d 167, 171 (D.P.R. 2001). Still, the nonmoving party is required to demonstrate "through submissions of evidentiary quality that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 108 (1st Cir. 2006).

C. Discussion

Defendant argues that the partnership's and Aymerich's claims are time-barred. In response, plaintiffs contend that extrajudicial claims tolled the statute of limitations period.

The Puerto Rico Civil Code establishes a one-year statute of limitations period for tort claims. See P.R. LAWS ANN. tit. 31, §§ 5298, 5299. There is no doubt that the clock started ticking on April 24, 2014, when plaintiffs first gained constructive knowledge of the damage to

Lazaro's right eye. Plaintiffs filed suit on February 12, 2016, almost two years after the onset of the statute of limitations period.

However, a creditor's extrajudicial claim tolls the limitations period. See P.R. LAWS ANN. tit. 31, § 5303. Extrajudicial claims must constitute an "unmistakable manifestation of one, who threatened with the loss of his right, expresses his wish not to lose it." Vargas-Ruiz v. Golden Arch Dev., Inc., 283 F.Supp.2d 450, 456 (D.P.R. 2003). Moreover, they "must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit." Kery v. Am. Airlines, Inc., 931 F. Supp. 947, 953 (D.P.R. 1995).

"Once the statute of limitations is tolled on an action, the one year period is reset and begins to run again from the beginning." Ramos v. Roman, 83 F.Supp.2d 233, 241 (D.P.R. 2000). Puerto Rico courts favor allowing tolling - "[the] prescription of the right is the exception, being its exercise or conservation the norm." Kery, 931 F. Supp. at 952. (quoting Galib-Frangie v. El Vocero de Puerto Rico, 95 JTS 71, 922 (1995)).

The party who maintains the existence of an obligation bears the burden of its proof. See P.R. LAWS ANN. tit. 31, § 1168. Thus "the burden of proving tolling, either through direct or circumstantial evidence, falls upon the party asserting it." Kery, 931 F. Supp. at 951. The court finds that plaintiffs ably bear that burden through their evidentiary submissions.

Plaintiffs submit a letter, a settlement demand, and an affidavit to support their position that the limitations period was tolled. The letter does not evince tolling of the limitations period for the partnership and Aymerich because their claims are not sufficiently set forth therein. The settlement demand cannot achieve the same goal because it took place after the period had expired (dated June 15, 2015). The affidavit, howbeit, strikes the right note.

Through the affidavit, counsel for plaintiffs stipulates that defendant was put on notice of the partnership's and Aymerich's claims by way of conversations that took place in late March and early April 2015, before the original statute of limitations period had expired. Defendant

refutes the affidavit by essentially characterizing it as a sham, tailor-made to surmount defendant's motion. The court disagrees.

While the affidavit is self-serving, it is adequate evidentiary support for plaintiffs' contention. "Even a clearly self-serving affidavit constitutes evidence which the court must consider when resolving summary judgment motions." Levine-Diaz v. Humana Health Care, 990 F. Supp. 2d 133, 140 (D.P.R. 2014)(quoting Malave-Torres v. Cusido, 919 F.Supp.2d, 198, 204 (D.P.R. 2013)(citing Cadle Co. v. Hayes, 116 F.3d 957, 961 n. 5 (1st Cir.1997)("A party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment."))).

Furthermore, pursuant to Rule 56 of the Federal Rules of Civil Procedure, affidavits submitted in support or opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify in the matters stated therein." Fed. R. Civ. P. 56(e). Plaintiffs' affidavit complies with all the requirements for the court's consideration. The affiant, plaintiffs' counsel, attests as to his personal actions in a form which would be admissible in evidence, regarding matters as to which he is competent to testify. Thus, the affidavit is adequate evidentiary support for plaintiffs' arguments.

The affidavit references verbal conversations which would have tolled the statute of limitations period. "Puerto Rico law imposes no formal requirements on extrajudicial tolling, permitting both written and verbal tolling." Deutsche Bank Trust Co. Americas v. Doral Fin. Corp., 841 F. Supp. 2d 593, 603 (D.P.R. 2012). Thus, construing all inferences in favor of the nonmoving party, the conversations described in plaintiffs' counsel's affidavit signal that plaintiffs complied with all the requirements of an extrajudicial claim and effectively tolled the limitations period for the partnership and Aymerich before its expiration. There is no doubt that extensive conversations between opposing counsels, leading to settlement negotiations, sufficiently put defendant on notice of plaintiffs legal claims.

Although defendant posits the contrary, the grounds set forth in support for its position are insufficient to tilt the scales in its favor. The defendant simply did not offer any evidentiary support for its claim that plaintiffs' attorney's sworn statement belied the nature or the content of plaintiffs' extrajudicial claims. Thus, plaintiffs have established a genuine dispute as to a material fact. See Sands, 212 F.3d at 660. In effect, defendant's motion has, at this point, run into a stone wall- the court cannot grant summary judgment where such a dispute subsists. See Id. Furthermore, plaintiffs have aptly demonstrated "through submissions of evidentiary quality that a trial worthy issue persists." Iverson, 452 F.3d at 108. Thus, defendant's motion is **DENIED IN PART** insofar as the partnership's and Aymerich's claims will not be dismissed at this stage.

### IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED IN PART** insofar as plaintiffs' claim of breach of implied warranty is hereby dismissed. Defendant's motion to dismiss, after being converted into a motion for summary judgment, is **DENIED IN PART** inasmuch as the claims set forth by the partnership and by Aymerich survive.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, April 17, 2017.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**
